RIVERA, ADMINISTRATOR, PLAINTIFF AND APPELLEE, v. NORTH
BRITISH & MERCANTILE INSURANCE CO., DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Ponce in an Action to
Recover on a Fire Insurance Policy.

MOTION by the Plaintiff-appellee for Dismissal of the Appeal.

No. 1597.—Decided December 15, 1916.

APPEAL—STATEMENT OF CASE—EXTENSION OF TIME—TRANSCRIPT OF RECORD.—
On motion by the appellant the trial court granted an extension of time
for presenting a statement of the case. The extension was indefinite and,
therefore, null and void. The statement was presented after the expiration
of the statutory period and the court refused to approve it. *Held:* That
the time for filing in this court the transcript of the record on appeal from
the judgment runs from the date of filing the notice of appeal.

ID.—ID.—ID.—When the statement of the case is presented in due time or within
an extension lawfully granted, the time for filing the transcript of the record
in this court runs from the date of the final decision of the trial court
approving or refusing to approve said statement of the case.

The facts are stated in the opinion.
*Messrs. Martínez & Iriarte* for the appellant.
*Mr. José A. Poventud* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of Ponce, on June 26, 1916, rendered
judgment in the above-entitled cause and on July 26th de-
fendant-appellant filed its notice of appeal and sought and
obtained an extension of twenty days from the date of de-
livery of the record by the stenographer within which to
present a statement of the case, which was filed a few days
after the expiration of the statutory period.

Thereafter, on August 18th, plaintiff-appellee moved the
court to set aside its order of July 26th, to withhold its ap-
proval of the statement and to eliminate the same from the
record. On November 25th the trial judge sustained the mo-
tion, canceled the order of July 26th purporting an indefi-
nite extension of time and refused to approve the statement
of the case. Defendant-appellant also appealed from that
order.

Plaintiff-appellee now moves this court to dismiss the appeal from the judgment of June 26th, on the ground that appellant has not filed its transcript within thirty days from the time of filing the notice of appeal.

Defendant-appellant insists that it was misled by the district court through the order of July 26th, but the court merely attempted to grant the indefinite extension requested by the defendant-appellant itself, eighteen months after the decision of this court in *Belaval* v. *Córdova Dávila,* 21 P. R. R. 509, and the contention is wholly without merit. The only other excuse offered is that defendant-appellant "was awaiting the ruling of the district court on the motion of plaintiff-appellee in order to know whether or not to include in the record a copy of the statement of the case presented to the District Court of Ponce within the extension granted by that court." The obvious answer to this is that after the filing of the motion in the district court and before the expiration of the statutory period for filing the transcript, appellant had ample time to move this court for an extension in this regard, but did nothing.

It is true that when a statement of the case is submitted to the trial court within the statutory period or within any valid extension thereof, then the period mentioned in section 299 of the Code of Civil Procedure and in Rule 40 of this court runs from the date of the final decision of the trial judge either approving or definitely refusing to approve the same. But in the case at bar the order granting the so-called extension was absolutely null and void for want of jurisdiction and it follows that the statement came too late and the 30 days within which appellant might have filed his transcript or else moved this court for an extension of time within which to file the same, must be held to run from the date of filing the notice of appeal. *Ciuró* v. *Ciuró,* 20 P. R. R. 36; *Valle* v. *Martí,* 21 P. R. R. 468; *Belaval* v. *Todd,* 21 P. R. R. 419, 22 P. R. R. 120; *Guardian Assurance Co.* v. *López Acosta, ante* p. 597.

The facts above outlined disclose no reason why this case should be made an exception to the rule and in the absence of any showing as to the merits of the appeal perfected from the order refusing to approve the statement of facts, the appeal from the judgment of June 26th should be dismissed, without prejudice to possible reinstatement thereof should it be found necessary hereafter to reverse the order of November 25, 1916.

*Dismissed without prejudice.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.